IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


**ROBERT FLOYD,**

    **Plaintiff,**

vs.                                                                **Case No. 4:10cv289-RH/WCS**

**WALTER McNEIL, et al.,**

    **Defendants.**

    _____/


## SECOND REPORT AND RECOMMENDATION

Plaintiff, a prisoner incarcerated within the Florida Department of Corrections, filed this civil rights case to challenge the food menu served to prisoners. Doc. 9. Plaintiff alleges the high level of soy in the food served in Florida prisons has caused him health problems which arose after implementation of the soy protein diet, and he claims his medical "symptoms are consistent with the symptoms associated with soy poisoning." _Id._, at 8.

Plaintiff has filed a motion to certify this case as a class action and motion requesting the appointment of counsel. Doc. 28. Defendants have filed a response in opposition to Plaintiff's motion. Doc. 29.

Plaintiff has been proceeding in this case without a lawyer. A prerequisite for class action certification is a finding by the Court that the representative party or parties can "fairly and adequately protect the interest of the class." FED. R. CIV. P. 23(a)(4). It is well established, however, that a *pro se* plaintiff "cannot be an adequate class representative." Gray v. Levine, 455 F. Supp. 267, 268 (D. Md. 1978), *citing* Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975). "[T]he competence of a layman is 'clearly too limited to allow him to risk the rights of others.'" Oxendine, 509 F.2d at 1407, *quoted in* Fymbo v. State Farm Fire and Cas. Co., 213 F.3d 1320, 1321 (10th Cir. 2000); *see also* Hussein v. Sheraton New York Hotel, 100 F. Supp. 2d 203, 205-06 (S.D.N.Y. 2000); Klocek v. Gateway, Inc., 104 F. Supp. 2d 1332, 1343-44 (D. Kan. 2000).

Plaintiff has also filed a motion requesting the appointment of counsel. Doc. 50. Appointment of counsel in a civil case is not a constitutional right, but a privilege that is justified only by exceptional circumstances such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner. Fowler v. Jones, 899 F.2d 1088 (11th Cir. 1990). Plaintiff has not demonstrated that these legal issues are either novel or complex. Plaintiff's motion for counsel should be denied as counsel is not warranted at this time. As the Court review the merits of this case, the need for counsel will be independently evaluated and counsel will be sought, if deemed necessary.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motion to certify this case as a class action and motion for the appointment of counsel, doc. 28, be **DENIED**, and the case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on April 27, 2011.

 S/      William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**